## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>                              **Plaintiff,**<br><br>    **vs.**<br><br>**RELIABLE POULTRY SUPPLY, INC.**<br>**2974 E. EMMA AVENUE**<br>**SPRINGDALE, AR 72764**<br><br>        **and**<br><br>**SANCHEZ ELECTRIC, LLC**<br>**18372 SOUTH HIGHWAY 59**<br>**EVANSVILLE, AR 72729**<br><br>                              **Defendants.** | **JURY DEMAND**<br><br><br>**CIVIL ACTION NO. _____** |

## COMPLAINT

Plaintiff, by and through its undersigned counsel, hereby alleges and says the following:

## PARTIES

1.      Plaintiff, Westfield Insurance Company ("Plaintiff" or "Westfield") is an insurance company, organized under the laws of the state of Ohio and authorized to do business in the state of Tennessee, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2.      At all times relevant hereto, Westfield provided insurance coverage to Tina Bloecher ("Bloecher"). Payments have been made to Bloecher by Westfield, which is, thereby, subrogated to Bloecher's interest in this claim.

3.      At all times relevant hereto, Defendant, Reliable Poultry Supply, Inc. (collectively "Defendants" or "Reliable Poultry") – upon information and belief, is a corporation or other commercial entity organized and existing under the laws of the State of Tennessee, with a principal place of business located at 2974 E. Emma, Springdale, AR 72764.

4.      At all times relevant hereto, Reliable Poultry was a supplier of poultry producing solutions and poultry farm construction and did, in fact, construct a chicken houses at the subject property, including the installation of exhaust pipes on the chicken houses. Due to the negligent installation of the exhaust pipes, a fire occurred at the subject property.

5.      At all times relevant hereto, Defendant, Sanchez Electric, LLC (collectively "Defendants" or "Sanchez") – upon information and belief, is a limited liability corporation organized and existing under the laws of the State of Arkansas, with a principal place of business located at 18372 South Highway 59, Evansville, AR 72729. Upon information and belief, Antonio Sanchez-Solano is the sole member of Sanchez, an adult individual and a citizen of Arkansas. At all times relevant hereto, Sanchez was duly authorized to engage in business in the State of Tennessee.

6.      At all times relevant hereto, Sanchez was an electrical contracting company with the knowledge and skill to perform work related to the installation of exhaust pipes for chicken houses, and did, in fact, install the exhaust pipes on the chicken houses at the subject property. Due to the negligent installation of the exhaust pipes, a fire occurred at the subject property.

## JURISDICTION AND VENUE

7.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states.   Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

2

8.      Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within the Eastern division of this judicial district.

## STATEMENT OF FACTS

9.      Prior to July 4, 2022, Bloecher hired Defendants to build chicken houses, which included installing exhaust pipes, at her property located at 101 Johnson Capel Road, Trenton, TN 38382 (the "subject property").

10.     On or about July 4, 2022, a fire occurred at the subject property due to the improper installation of the exhaust pipes. There was inadequate clearance between the exhaust pipe and the wood framing. When the generator did its weekly activation, the exhaust pipe heated up and ignited the wood.

11.     Subsequent investigation revealed that said fire was caused by the negligent and other liability producing conduct of Defendants as more fully set forth below.

12.     As a result of the aforementioned harm, Bloecher suffered damages to her real and personal property, as well as the imposition of other expenses and hardship besides.

## COUNT I – NEGLIGENCE v. RELIABLE POULTRY

13.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 12, as though fully set forth herein at length.

14.     The above-described subsequent and consequent harm and damages were the direct and proximate result of the careless, negligent, and otherwise unlawful actions of Reliable Poultry itself and/or by and through its agents, employees, consultants, contractors, subcontractors and/or servants, more specifically described as follows:

> (a)     failing to exercise reasonable care in the performance of duties in the installation of the exhaust pipes, including, but not limited to, carelessly and negligently performing the following:

> > (1) failing to competently install the exhaust pipes in a safe and appropriate manner;
> >
> > (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the exhaust pipes at the subject property; and/or
> >
> > (3) failing to properly monitor the work of all agents, subcontractors and/or employees during the installation of the exhaust pipes to ensure compliance with applicable safety procedures.
>
> (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);
>
> (c) failing to adequately warn Bloecher and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above, as well as identify the existing hazardous condition.
>
> (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;
>
> (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;
>
> (f) failing to retain competent, qualified and/or able agents, employees, or servants to perform the tasks set forth in subparagraph (a) above; and/or
>
> (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

15.     As a direct and proximate result of the aforesaid unlawful actions of Reliable Poultry, Bloecher sustained damage to her real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF IMPLIED WARRANTIES v. RELIABLE POULTRY

16.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 15, as though fully set forth herein at length.

17.     In furtherance of the aforementioned services performed, Reliable Poultry had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

18.     Based upon the aforementioned improper conduct on the part of Reliable Poultry, personally and through servants, employees, and/or agents as set forth above, Reliable Poultry breached these warranties.

19.     As a direct and proximate result of such conduct, Bloecher sustained damage to her real and personal property, as well as the imposition of additional expenses and hardship besides.

20.     Bloecher and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – NEGLIGENCE v. SANCHEZ

21.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 20, as though fully set forth herein at length.

22.     The above-described subsequent and consequent harm and damages were the direct and proximate result of the careless, negligent, and otherwise unlawful actions of Sanchez itself and/or by and through its agents, employees, consultants, contractors, subcontractors and/or servants, more specifically described as follows:

    (a)    failing to exercise reasonable care in the performance of duties in the installation of the exhaust pipes, including, but not limited to, carelessly and negligently performing the following:

        (1) failing to competently install the exhaust pipes in a safe and appropriate manner;

        (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the exhaust pipes at the subject property; and/or

        (3) failing to properly monitor the work of all agents, subcontractors and/or employees during the installation of the exhaust pipes to ensure compliance with applicable safety procedures.

    (b)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c)    failing to adequately warn Bloecher and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above, as well as identify the existing hazardous condition.

    (d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

    (f)    failing to retain competent, qualified and/or able agents, employees, or servants to perform the tasks set forth in subparagraph (a) above; and/or

    (g)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

23.    As a direct and proximate result of the aforesaid unlawful actions of Sanchez, Bloecher sustained damage to her real and personal property, as well as the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT IV – BREACH OF IMPLIED WARRANTIES v. SANCHEZ

24.     Plaintiff hereby incorporates the allegations of Paragraphs 1 through 23, as though fully set forth herein at length.

25.     In furtherance of the aforementioned services performed, Sanchez had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

26.     Based upon the aforementioned improper conduct on the part of Sanchez, personally and through servants, employees, and/or agents as set forth above, Sanchez breached these warranties.

27.     As a direct and proximate result of such conduct, Bloecher sustained damage to her real and personal property, as well as the imposition of additional expenses and hardship besides.

28.     Bloecher and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**THE LAW OFFICE OF DAVID L. COOPER, PC**

By:   *s/ David L. Cooper*
       **DAVID L. COOPER, BPR # 011445**

Third Avenue North Building
208 Third Avenue North, Suite 300
Nashville, TN  37201
615-256-1008
615-256-3330 (fax)
dcooper@cooperlawfirm.com

*Attorney for the Plaintiff*

Dated: December 16, 2022

8